Submitted February 4, affirmed February 16, 1966

STATE OF OREGON *v.* FITZGERALD

411 P. 2d 261

Proctor & Puckett, Klamath Falls, and Porter, Back & Dwyer, Eugene, for appellant.

No appearance for respondent.

Before McAllister, Chief Justice, and Perry, Sloan, Goodwin, Denecke, Holman and Schwab, Justices.

SCHWAB, J. (Pro Tempore).

Defendant, Larry Fitzgerald, having elected to stand trial without a jury, was found guilty of negligent homicide.

He was indicted under ORS 163.091 (1) which categorizes as "negligent homicide":

"* * * [T]he death of any person * * * as the proximate result of injuries caused by:

"(1) The driving of any motor vehicle or combination of motor vehicles in a grossly negligent manner; or * * *."

His sole argument on appeal is that the evidence is insufficient to create an issue of fact as to gross negligence on his part.

During the afternoon of September 7, 1964, a dry, clear day, Fitzgerald was driving an automobile in a northerly direction on highway 97, a two-lane highway. At a point where the highway was level and straight for 3/4 of a mile to the north and almost two miles to the south he elected to pass a truck and trailer combination proceeding in the same direction. He executed this maneuver by turning into the southbound lane and continuing in this lane until he crashed head on into a Volkswagen proceeding south.

The only surviving eye-witnesses were Fitzgerald and the driver of the truck which he had passed just before the accident. All three occupants of the Volkswagen were killed in the crash. Fitzgerald did not take the stand. All direct evidence concerning the accident came from the truck driver, Charles Avey.

Avey testified that Fitzgerald passed him at a speed of 60 to 70 miles an hour when the southbound Volkswagen was about 160 to 180 feet to the north. He saw Fitzgerald continue in the southbound lane even though there was adequate time and space for him to have turned back into the northbound lane after passing the truck. He noted that just an instant before the crash the Volkswagen driver appeared to attempt to turn, but saw no slackening of speed or attempt to

turn by Fitzgerald. There was no other traffic in the immediate vicinity.

The indictment, among other things, alleged that Fitzgerald's lookout was so inadequate as to constitute gross negligence. The evidence is sufficient to sustain such a finding. The continuity and intensity of attention required for an adequate "lookout" varies with the dangers inherent in a given situation. Few driving maneuvers permitted by law are more fraught with potential for disaster than is passing on a two-lane highway. A head-on collision is usually a calamity.

The defendant, citing *Keefer v. Givens,* 191 Or 611, 232 P2d 808, argues that at most the evidence discloses inadvertence or an error in judgment, and does not support a finding of the type of indifference generally revealed by conduct of a continuing kind.

On the contrary, the trier of fact could well have found that in a continuous unbroken sequence Fitzgerald (1) elected to pass without looking, (2) did pass without looking, and (3) after passing proceeded for a considerable distance in the wrong lane at a high speed without looking. Such findings would adequately support the conclusion that the defendant was utterly indifferent to the consequences of his conduct.

The defendant emphasizes evidence that the driver of the Volkswagen could have pulled on to the road shoulder and perhaps have avoided the crash. We need not consider whether the Volkswagen driver was negligent in not assuming that the defendant would not turn back into his proper lane even though, as the witness Avey testified, he had ample time to do so. The issue in this case is not contributory negligence, if any, on the part of the Volkswagen driver. The issue remains: Was Fitzgerald criminally negligent? There is ample evidence to support the finding that he was.

Affirmed.